Martin, J
delivered the opinion of the court. The plaintiff claims S4740, 87 1-2, the balance of an account annexed to the petition, for work and labour done on the defendant’s house, with interest from the year 1799, when a judicial demand is admitted to have been made: the defendant pleaded the general issue.
The parties came afterwards to an agreement, that the settlement of the account, which is the object of the present suit, and generally all differences existing between the parties, should be submitted to the decision of arbitrators, to be appointed by the court, and authorised to pronounce upon the whole as amicable compositors, or according to good faith and natural equity, without being restricted by the rigor of the law, with power to appoint experts to examine and value the work, and make their report to the arbitrators. In case the latter disagree on the choice of experts, the appointment of them is to be made by the court. The parties bound themselves to each other, in the penalty of S2000, for the performance of the judgment of the arbitrators.
The court homologated the proceedings, and appointed two arbitrators.
Two years after, the present defendant instituted. a suit against the present plaintiff, for the recovery of a balance of S3681, 75.
*3 On the next day, the two cases were consolidated by consent, and all matters in the two suits referred to two gentlemen, who, in case of disagreement, were authorised to appoint an umpire, and their report, or that of any two of them, was to be binding, and judgment to be entered thereon, according to the agreement of the parties homologated by the court.
Three years after, by consent, two other gen tlemen were appointed referees,’and it was agreed that, in case of disagreement, the court should appoint an umpire.
About a year after, the case coming before the court, as the record says, the attornies of the parties, being present, three experts were appointed to examine and report on the work and the value of it, as done by the plaintiff, on the house of the defendant, more or less according to the contract.
Five months after, these experts reported and a balance thereby appeared due to the plaintiff, of §2493, 33.
Four months after this report, the same experts made a second, valuing the work done by the plaintiff, over and above the contract, at ¾3576, 58, and that less than the contract, at 8748, 85, leaving a balance due him of S2827, 73. They valued certain objects, which they declared to be contested by the parties, at B552, *4 exclusively of some carving of which the plaintiff was to produce an account.
The defendant, having been served with ande to shew cause why the report of the arbitrators should not be confirmed, and made the judgment of the court, contended that the case must be referred, together with all other controversies between the parties to arbitrators, in pursuance of their agreement on file : but, the court was of opinion, that this’was null and void, the time allowed to arbitrators to make an award being expired.
The defendant next contended, that, even disregarding this agreement, the cause must be sent to the referees, as the action was brought on an unsettled account, and on a contract implying several allegations on both sides : but the court was of a different opinion, holding that the action was not brought on such an account and contract, but for work and labour done, and materials furnished, which being valued by experts, their report must be made the judgment of the court.
Lastly, the defendant contended, th^t she was then entitled to amend her answer, so as to place before the court all the objections arising out of said account and contract, which, under the agreement of the parties, homologated by the court, she had a right to submit to arbitrators • *5 bat the court denied leave, as the defendant, jf 7 ⅜ she had any claim against the plaintifl, was at liberty to bring her action against him.
Whereupon, the defendant took a bill of exceptions to the opinion of the court, on these points.
The court then, stating that the cause shewn by the defendant was insufficient to prevent the report of the experts being made the judgment of the court, decreed her to pay to the plaintiff S3178, 83, with interest from the 1st of April, 1799, at five per cent, till paid and costs.
From this judgment she appealed.
No statement of facts comes up with the record, but the district judge has certified, that it contains all the matters on which the cause was heard.
The defendant relies, in this court, on her bill of exceptions and assigns as errors :
1. That the district court did not submit the valuation of the experts, to the referees or arbitrators.
2. That the judgment is not bottomed on either of the valuations or reports of the experts : the sum in the judgment not being that of either.
3. That the court improperly received the valuation and report of the experts, as they were made by unsworn persons, and incomplete.
*6 4. That two actions being consolidated, judgment was given in one of them only.
5. That interest was improperly allowed,
It is unnecessary to determine, in this case* whether arbitrators, appointed by the court, may or not give their award at any time, during the pendency of the suit, or whether, like ordinary arbitrators they must do so within three months, Civ. Code, 442* art 7, as the arbitrators here appointed were superceded by referees, after-wards chosen to settle the controversy between the parties.
It does not appear to us, as it did to the district court, that this action is brought for work and labour done, and for materials furnished, and that the same being valued by experts, their report must be made the judgment of the court. The petition expressly claims the balance of an account, annexed to and made part of it, in which the defendant and appellant is admitted to be entitled to credit, for upwards of & 12000. The preamble to the agreement of the parties for the appointment of arbitrators, homologated by the court and spread on the record, states that “ the present action is brought for a settlement of accounts, between the parties which is to be the result of a decision upon their respective claims, which, if it were made by the court, would occa *7 sion great delay from the multiplicity of the objects, which constitute their respective claims.”
Nothing having been done by the arbitrators, the accounts were submitted to three gentlemen as referees, and as they did not possess the technical skill requisite, for the valuation of part of the plaintiff and appellee’s work, experts were chosen possessing it. The valuation, which the latter returned, might enable either the referees or the court to establish the amount of the plaintiff’s work : but did not, alone, enable them to pronounce on the merits of the case.
Further, the parties, in this suit, and that instituted by the defendant and appellant, by an agreement approved by the court and carried into effect, consoiidated the two suits : it therefore became the duty of the district court, to pass on both at once, and to give such a j'udgment as would put each of them at an end.
As the case must be remanded, it is unnecessary to examine the question, whether the appellant may avail herself of the absence of any proof on the record of the experts having been sworn—nor the question of interest.
It is, therefore, ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, and the cause remanded, with direc- *8 tlon to the district iudi?e, to proceed accord- . , , , • o , , ing to law to the determination or both suits: and ^ js ordered, that the plaintiff and appellee pay the costs of this appeal.
Hennen for the plaintiff, Seghers for the de¿ fendant.
*9 CASES ARGUED AND DETERMINED IN THE SUPREME COURT OF THE STATE OF LOUISIANA, EASTERN DISTRICT, JANUARY TERM, 1819.